RECEIPT # 63958
AMOUNT $ 250
SUMMONS ISSUED Y-3
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. PM
DATE 4-25-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.:

PHILLIP MAROTTA
    Plaintiff

V.

MI-JACK PRODUCTS, INC.,
FANTUZZI REGGIANE, FANTUZZI USA, INC.
AND MASSACHUSETTS PORT AUTHORITY
    Defendants

05 - 10823 RWZ

JURISDICTION

MAGISTRATE JUDGE Collings

Whereas diversity of citizenship exists between the Plaintiff and the Defendant, jurisdiction is founded upon 28 U.S.C. Section 1332.

Damages are likely to exceed one million ($1,000,000.00) dollars

PLAINTIFF'S COMPLAINT

COUNT I- NEGLIGENCE/FAILURE TO WARN VS. MI-JACK PRODUCTS, INC.

1. The Plaintiff, Phillip Marotta, now or formerly is a resident of Cape Neddick, Maine

2. The Defendant, Mi-Jack Products, Inc., is a business entity now or formerly having a principal place of business located at 3111 W. 167th

Street Hazel Crest, Illinois, and regularly conducts business within the Commonwealth of Massachusetts

3. At all times relevant, the Plaintiff, Phillip Marotta, was employed by Columbia Coastal Transport, was performing his work duties at the Conley Terminal in Boston, Suffolk County Massachusetts, and was operating a container mover crane manufactured, designed, imported, distributed, and/or sold by Defendant Mi-Jack Products, Inc.

4. At all times relevant to this action, the Defendant, Mi-Jack Products, Inc., was a manufacturer, designer, importer, distributor, wholesaler, and/or retailer of a product, a container mover crane.

5. At all times relevant to this action, the Defendant, Mi-Jack Products, Inc. had a duty to exercise reasonable care with respect to persons, such as the Plaintiff, whom it reasonable expected to use and/or or be affected by its goods, and to eliminate known or foreseeable dangers in the normal and intended or foreseeable use of its products, and to give adequate warning of latent dangers in such use.

6. At all times relevant to this complaint, the Defendant in this Count, Mi-Jack Products, Inc., had a duty to design a product that is reasonably safe for its intended use and to design its products with reasonable care to eliminate avoidable dangers

7. The Defendant, Mi-Jack Products, Inc. breached its duty, including but not limited to by its negligent and/or careless manufacture, inspection and

design its product, and by failing to warn individuals such as the plaintiff of the same and latent defects in its product(s).

8. The Defendant in this Count, Mi-Jack Products, Inc. realized and/or should have realized that the Plaintiff would not have appreciated the dangers of its product.

9. On or about October 16, 2003, the Plaintiff, while exercising due care and attentiveness and while using the defendant product in a normal manner and in the manner intended by the Defendant, Mi-Jack Products, Inc. was caused to suffer severe and permanent injuries.

10. The injuries suffered by the Plaintiff were not caused by any fault or negligence on his part, but were the direct result of the negligence and breach of duty by the Defendant, Mi-Jack Products, Inc..

11. As a direct and proximate result of Defendant Mi-Jack Products, Inc.'s negligence and carelessness, the Plaintiff, Phillip Marotta, has suffered severe personal injuries, great pain of body and anguish of mind, incurred substantial medical bills, has required medical care and attention, was for a long time, and continues to be unable to enjoy his usual activities, was otherwise permanently injured, and has suffered, and continues to suffer, other damages as will be shown at trial

WHEREFORE, the Plaintiff demands judgment against the Defendant, Mi-Jack Products, Inc., in the amount of THREE MILLION ($3,000,000.00) DOLLARS

## COUNT II- BREACH OF WARRANTY VS. MI-JACK PRODUCTS, INC.

12. The plaintiff restates, realleges, and incorporates each and every item, allegation and particular set forth in Paragraphs 1 through 11 of Count I.

13. The Plaintiff, Phillip Marotta, now or formerly is a resident of Cape Neddick, Maine

14. At all times relevant, the Plaintiff, Phillip Marotta was employed by Columbia Coastal Transport, was performing his work duties at the Conley Terminal in Boston, Suffolk County, Massachusetts, and was operating a container moving crane manufactured, imported, marketed, distributed, designed and/or sold by Defendant Mi-Jack Products, Inc.

15. The Defendant, Mi-Jack Products, Inc., is a business entity now or formerly having a principal place of business located at 3111 W. 167th Street Hazel Crest, Illinois, and regularly conducts business within the Commonwealth of Massachusetts.

16. At all times relevant to this complaint, the Defendant in this Count, Mi-Jack Products, Inc., was a manufacturer, importer, marketer, distributor, wholesaler, designer and/or retailer of a container moving crane

.

17. At all times relevant to this complaint, the Defendant in this Count, Mi-Jack Products, Inc. was a merchant with respect to the goods at issue, as the defendant deals or dealt in the goods or otherwise, by its occupation, holds itself out as having knowledge or skill peculiar to the goods at issue.

18. The Defendant, Mi-Jack Products, Inc. sold, supplied, distributed, manufactured, designed and/or imported the product that caused the plaintiff injuries as alleged in this Complaint.

19. The Defendant, Mi-Jack Products, Inc. reasonably expected consumers such as the Plaintiff to use, and/or be affected by the Defendant's goods.

20. At all times relevant to this complaint, the Defendant, Mi-Jack Products, Inc. had a duty to prevent release of a product in a defective condition unreasonably dangerous to a user or consumer such as the plaintiff, into the stream of commerce.

21. On or before October 16, 2003, the defendant, Mi-Jack Products, Inc. designed, manufactured, sold, distributed, supplied and/or imported a product with a faulty design, that was improperly manufactured, and/or without proper inspection, and failed to warn individuals such as the plaintiff of the same.

22. On or about October 16, 2003, the plaintiff, while exercising due care and attentiveness and while using the defendant product in a normal manner and in the manner intended by the Defendant, Mi-Jack Products, Inc., was caused to suffer severe personal injuries.

23. The Defendant, Mi-Jack Products, Inc. breached its warranties pursuant to M.G.L. Chapter 106, Sections 2-314 through 2-318

24. As a direct and proximate cause and result of the Defendant Mi-Jack Products, Inc.'s breach of warranties, the Plaintiff, Phillip Marotta, has suffered severe personal injuries, great pain of body and anguish of mind, incurred substantial medical bills, has required medical care and attention, was for a long time and continues to be unable to enjoy his usual activities, and has suffered, and will continue to suffer, other damages as will be shown at trial.

WHEREFORE the plaintiff demands judgment against the defendant, Mi-Jack Products, Inc., in the amount of THREE MILLION ($3,000,000.00) DOLLARS

## COUNT III-NEGLIGENCE/FAILURE TO WARN VS FANTUZZI REGGIANE

25. The Plaintiff restates, realleges and incorporates each and every item, allegation and particular set forth in paragraphs 1 through 11 of Count I and paragraphs 12 through 24 of Count II

26. The Plaintiff, Phillip Marotta, now or formerly is a resident of Cape Neddick, Maine

27. At all times relevant, the Plaintiff, Phillip Marotta, was employed by Columbia Coastal Transport, was performing his work duties at the

Conley Terminal in Boston, Suffolk County, Massachusetts, and was operating a container moving crane manufactured, designed, imported, distributed, and/or sold by Defendant Fantuzzi Reggiane.

28. The Defendant, Fantuzzi Reggiane, is a business entity now or formerly having a principal place of business located at Via Elsa Ligure 511A 42020 Lentigione, Italy, and regularly conducts business with the Commonwealth of Massachusetts

29. At all times relevant to this complaint, the Defendant, Fantuzzi Reggiane, was a manufacturer, designer, importer, marketer, distributor, wholesaler, and/or retailer of a product, a container moving crane.

30. At all times relevant to this complaint, the Defendant, Fantuzzi Reggiane, had a duty to exercise reasonable care with respect to persons, such as the Plaintiff, whom it reasonably expected to use and/or be affected by its goods, and to eliminate known or foreseeable in the normal and intended or foreseeable use of its products, and to give adequate warning of latent dangers in such use.

31. At all times relevant to this complaint, the Defendant in this Count Fantuzzi Reggiane, had a duty to design a product that was reasonably safe for its intended use and to design its products with reasonable care to eliminate avoidable dangers.

32. The Defendant, Fantuzzi Reggiane, breached its duty, including but not limited to by its negligent and/or careless manufacture, inspection

and design of its product, and by failing to warn individuals such as the Plaintiff of the same and latent defects in its products.

33. The Defendant in this Count, Fantuzzi Reggiane, realized and/or should have realized that the Plaintiff would not have appreciated the dangers of its product.

34. On or about October 13, 2003, the plaintiff, while exercising due care and attentiveness and while using the defendant product in a normal manner and in a manner intended by the defendant, was caused to suffer severe pain and injuries.

35. The injuries suffered by the Plaintiff were not caused by any fault or negligence on his part, but were the direct result of the negligence and breach of duty by the Defendant, Fantuzzi Reggiane

36. As a direct and proximate result of Defendant's negligence and carelessness, the Plaintiff, Phillip Marotta has suffered severe personal injuries, great pain of body and anguish of mind, incurred substantial medical bills, has required medical care and attention, was for a long time, and continues to be unable to enjoy his usual activities, and has suffered, and continues to suffer other damages as will be shown at trial.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Fantuzzi Reggiane, in the amount of THREE ($3,000,000.00) MILLION DOLLARS

## COUNT IV-BREACH OF WARRANTY VS. FANTUZZI REGGIANE

37. The Plaintiff restates, realleges and incorporates each and every item, paragraph and particular set forth in paragraphs 1 through 11 of Count I, paragraphs 12 through 24 of Count II, and paragraphs 25 through 36 of Count III.

38. The Plaintiff, Phillip Marotta, now or formerly is a resident of Cape Neddick, Maine

39. At all times relevant, the Plaintiff, Phillip Marotta, was employed by Columbia Coastal Transport, was performing his work duties at the Conley Terminal in Boston, Massachusetts, and was operating a container moving crane manufactured, designed, imported, marketed, distributed, and/or sold by Defendant Fantuzzi Reggiane.

40. The Defendant, Fantuzzi Reggiane, is a business entity now or formerly having a principal place of business located at Via Elsa Ligure 511A 42040 Lentigiore, Italy, and regularly conducts business within the Commonwealth of Massachusetts.

41. At all times relevant to this Complaint, the Defendant in this Count, Fantuzzi Reggiane, was a manufacturer, designer, importer, marketer, distributor, wholesaler and/or retailer of a container moving crane.

42. At all times relevant to this Complaint, the Defendant in this Count, Fantuzzi Reggiane, was a merchant with respect to the goods at issue, as the Defendant, Fantuzzi Reggiane, deals or dealt in the goods or otherwise, by its occupation, holds itself out as having knowledge or skill peculiar to the goods at issue.

43. The Defendant, Fantuzzi Reggiane, sold, supplied, distributed, manufactured, designed and/or imported the product that caused the Plaintiff's injuries as alleged in this Complaint.

44. The Defendant Fantuzzi Reggiane, reasonably expected individuals such as the Plaintiff to use and/or be affected by Defendant Fantuzzi Reggiane's goods.

45. At all times relevant to this Complaint, the Defendant, Fantuzzi Reggiane, had a duty to prevent release of a product in a defective condition unreasonably dangerous to a user or consumer such as the Plaintiff, into the stream of commerce.

46. On or before October 16, 2003, the Defendant, Fantuzzi Reggiane, manufactured, designed, sold, distributed, supplied and/or imported a product with a faulty design, that was improperly manufactured, and/or without proper inspection, and failed to warn individuals such as the Plaintiff of the same.

47. On or about October 16, 2003, the Plaintiff, while exercising due care and attentiveness and while using the Defendant product in a normal manner

and in the manner intended by the Defendant, Fantuzzi Reggiane, was caused to suffer severe personal injuries.

48. The Defendant, Fantuzzi Reggiane, breached its warranties pursuant to M.G.L. Chapter 106, Sections 2-314 through 2-318.

49. As a direct and proximate result of the Defendant, Fantuzzi Reggiane's breach of warranties, the Plaintiff, Phillip Marotta, has suffered severe personal injuries, great pain of body and anguish of mind, incurred substantial medical bills, has required medical care and attention, was for a long time and continues to be unable to enjoy his usual activities, and has suffered, and will continue to suffer, other damages as will be shown at trial.

WHEREFORE, the Plaintiff demands judgment against the defendant, Fantuzzi Reggiane, in the amount of THREE MILLION ($3,000,000.00) DOLLARS

## COUNT V

### NEGLIGENCE/FAILURE TO WARN VS. FANTUZZI USA INC.

50. The Plaintiff restates, realleges, and incorporates each and every item, paragraph and particular set forth in paragraphs 1 through 11 of Count I, paragraphs 12 through 24 of Count II, paragraphs 25 through 36 of Count III and paragraphs 37 through 49 of Count IV

51. The Plaintiff, Phillip Marotta, now or formerly is a resident of Cape Neddick, Maine

52. The Defendant, Fantuzzi USA, Inc., is a business entity now or formerly having a principal place of business located at 999 Oakmont Plaza Drive, Suite 380 Westmont, Illinois, and regularly conducts business within the Commonwealth of Massachusetts

53. At all times relevant, the Plaintiff, Phillip Marotta, was employed by Columbia Coastal Transport, was performing his work duties at the Conley Terminal in Boston, Suffolk County, Massachusetts, and was operating a container mover crane manufactured, designed, imported, distributed, and/or sold by defendant Fantuzzi USA, Inc.

54. At all times relevant to this action, the Defendant Fantuzzi USA, Inc., was a manufacturer, designer, importer, distributor, wholesaler, and/or retailer of a product, a container mover crane.

55. At all times relevant to this action, the Defendant, Fantuzzi USA, Inc., had a duty to exercise reasonable care with respect to persons, such as the Plaintiff, whom it reasonably expected to use and/or be affected by its goods, and to eliminate known or foreseeable dangers in the normal and intended or foreseeable use of its products, and to give adequate warning of latent dangers in such use.

56. At all times relevant to this action, the defendant in this Count, Fantuzzi USA, Inc., had a duty to design a product that is reasonably safe for its intended use and to design its products with reasonable care to eliminate avoidable dangers

57. The Defendant, Fantuzzi USA, Inc., breached its duty, including but not limited to by its negligent and/or careless manufacture, inspection and design of its product, and by failing to warn individuals such as the plaintiff of the same and latent defects in its product(s).

58. The Defendant in this Count, Fantuzzi USA, Inc., realized and/or should have realized that the Plaintiff would not have appreciated the dangers of its product

59. On or about October 16, 2003, the Plaintiff, while exercising due care and attentiveness and while using the defendant product in a normal manner and in the manner intended by the Defendant, Fantuzzi USA, Inc. was caused to suffer severe and permanent injuries

60. The injuries suffered by the Plaintiff were not caused by any fault or negligence on his part, but were the direct result of the negligence and breach of duty by the Defendant, Fantuzzi USA, Inc.

61. As a direct and proximate result of Defendant Fantuzzi USA, Inc.'s negligence and carelessness, the Plaintiff, Phillip marotta, has suffered severe personal injuries, great pain of body and anguish of mind, incurred substantial medical bills, has required medical care and attention, was for a long time, and continues to be unable to enjoy his usual activities, was otherwise permanently injured, and has suffered, and will continue to suffer, other damages as will be shown at the time of trial

WHEREFORE, the Plaintiff demands judgment against the Defendant, Fantuzzi USA, Inc. in the amount of THREE MILLION ($3,000,000.00) DOLLARS

## COUNT VI

### BREACH OF WARRANTY V. FANTUZZI USA, INC.

62. The Plaintiff restates, realleges, and incorporates each and every item paragraph and particular set forth in paragraphs 1 through 11 of Count I, paragraphs 12 through 24 of Count II, paragraphs 25 through 36 of Count III, paragraphs 37 through 49 of Count IV and paragraphs 50 through 61 of Count V

63. The Plaintiff, Phillip Marotta, now or formerly is a resident of Cape Neddick, Maine

64. At all times relevant, the Plaintiff, Phillip Marotta, was employed by Columbia Coastal Transport, was performing his work duties at the Conely Terminal in Boston, Massachusetts, and was operating a container moving crane manufactured designed, imported, marketed, distributed, and/or sold by Defendant Fantuzzi USA Inc.

65. The Defendant, Fantuzzi USA, Inc., is a business entity now or formerly having a principal place of business located at 999 Oakmont Plaza Drive, Suite 380 Westmont, Illinois and regularly conducts business within the Commonwealth of Massachusetts

66. At all times relevant to this Complaint, the Defendant in this Count, Fantuzzi USA, Inc., was a manufacturer, designer, importer, marketer, distributor, wholesaler, and/or retailer of a container moving crane.

67. At all times relevant to this Complaint, the Defendant in this Count, Fantuzzi USA, Inc., was a merchant with respect to the goods at issue, as the Defendant, Fantuzzi USA, Inc. deals or dealt in the goods or otherwise, by its occupation, holds itself out as having knowledge or skill peculiar to the goods at issue

68. The Defendant, Fantuzzi USA, Inc., sold, supplied, distributed, manufactured, designed and/or imported the product that caused the Plaintiff's injuries as alleged in this Complaint.

69. The Defendant, Fantuzzi USA, Inc., reasonably expected individuals such as the Plaintiff to use and/or be affected by Defendant Fantuzzi USA, Inc.'s goods.

70. At all times relevant to this Complaint, the Defendant, Fantuzzi USA, Inc., had a duty to prevent release of a product in a defective condition unreasonably dangerous to a user or consumer such as the Plaintiff, into the stream of commerce.

71. On or before October 16, 2003, the Defendant, Fantuzzi USA, Inc., manufactured, designed, sold, distributed, supplied and/or imported a product with a faulty design, that was improperly manufactured, and/or without proper inspection, and failed to warn individuals such as the Plaintiff of the same.

72. On or about October 16, 2003, the Plaintiff, while exercising due care and attentiveness and while using the Defendant product in a normal manner and in the manner intended by the Defendant, Fantuzzi USA, Inc., was caused to suffer severe personal injuries.

73. The Defendant, Fantuzzi USA, Inc., breached its warranties pursuant to M.G.L. Chapter 106, Sections 2-314 through 2-318

74. As a direct and proximate result of the Defendant, Fantuzzi USA, Inc.'s breach of warranties, the Plaintiff, Phillip Marotta, has suffered severe personal injuries, great pain of body and anguish of mind, incurred substantial medical bills, has required medical care and attention, was for a long time and continues to be unable to enjoy his usual activities, and has suffered, and will continue to suffer, other damages as will be shown at trial.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Fantuzzi USA, Inc. in the amount of THREE MILLION ($3,000,000.00) DOLLARS

## COUNT VII

### NEGLIGENCE V. MASSACHUSETTS PORT AUTHORITY

75. The Plaintiff restates, realleges and incorporates each and every item paragraph and particular set forth in paragraphs 1 through 11 of Count I, paragraphs 12 through 24 of Count II, paragraphs 25 through 36 of Count

III, paragraphs 37 through 49 of Count IV, paragraphs 50 through 61 of Count V, and paragraphs 62 through 74 of Count VI.

76. The Plaintiff, Phillip Marotta, now or formerly is a resident of Cape Neddick, Maine

77. The Defendant, Massachusetts Port Authority, is a body politic which owns, operates, equips, and/or controls the equipment and facilities at the Conley Terminal in Boston, Massachusetts

78. At all times relevant the Plaintiff was employed by Columbia Coastal Transport as a longshoreman

79. On or about October 16, 2003, the Plaintiff was performing his duties at the facilities located at the Conley Terminal, Boston, Massachusetts which are owned, operated, equipped and/or controlled by Defendant Massachusetts Port Authority.

80. On or about October 16, 2003, while the Plaintiff was lawfully on the facilities at the Conley Terminal in Boston, Massachusetts, he was caused to be injured through the negligence and carelessness of the Defendant, Massachusetts Port Authority, its agents, servants and/or employees.

81. As a result of Defendant Massachusetts Port Authority's negligence, the Plaintiff was caused severe personal injuries, caused great pain of body, was caused to incur expenses for medical treatment and medicines, missed substantial time from work, and was for a long time unable to carry on his usual activities.

WHEREFORE, the Plaintiff demands judgment against the defendant, Massachusetts Port Authority, in the amount of THREE MILLION ($3,000,000.00) DOLLARS

PLAINTIFF demands a trial by jury as to Count I, Count II, Count III, Count IV, Count V, Count VI, and Count VII.

Plaintiff
By his attorney

*[signature]*

John P. LeGrand
BBO#550185
JOHN P. LEGRAND
& ASSOCIATES, P.C.
375 Broadway, Suite 2
Somerville, MA 02145
(617) 623-3001

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Phillip Marotta

## DEFENDANTS

Mi-Jack Products, Inc.,
Fantuzzi Reggiane, Fantuzzi USA, Inc.
and Massachusetts Port Authority

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John P. LeGrand
JOHN P. LEGRAND & ASSOCIATES, PC
375 Broadway, Suite 2
SOMERVILLE, MA 02145 (617)623-3001

ATTORNEYS (IF KNOWN)

05-10823

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. Section 1332

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability  ☒ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine  **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability  ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle  ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability  ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury  ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
|  |  | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment  Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations  ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare  ☐ 535 Death Penalty |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights  ☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  ☐ 550 Other |  |  |  |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $21,000,000.00

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

None

JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

**UNITED STATES DISTRICT COURT**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____
    Marotta v. Mi-Jack Products, Inc., et al

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 8(a)).

    ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___  II.   195, 368, 400, 440, 441-444, 540, 550,
               710, 720, 730, 740, 790, 791, 820, 830,
               840, 850, 890, 892-894, 895, 950.

    _X_  III.  110, 120, 130, 140, 151, 190, 210, 230,
               240, 245, 290, 310, 315, 320, 330, 340,
               345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 510, 530, 610,
               620, 630, 640, 650, 660, 690, 810, 861-865,
               870, 871, 875, 900.

    ___  V.    150, 152, 153.

    **05 - 10823**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 8(e)).
   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? ___No___

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? ___No___
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)
   _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? ___No___

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - SEE LOCAL RULE 8(c). YES ___No___
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - SEE LOCAL RULE 8(d). YES ___No___

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES ___No___
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? ___N/A___

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION ___No___ OR WESTERN SECTION ___No___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   John P. LeGrand
ADDRESS   375 Broadway, Suite 2  Somerville, MA 02145
TELEPHONE NO.   (617) 623-3001

(COVER.SHT-01/89)