UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILLIP MAROTTA,<br><br>    Plaintiff,<br><br>v.<br><br>MI-JACK PRODUCTS, INC., FANTUZZI REGGIANE, FANTUZZI USA, INC. and MASSACHUSETTS PORT AUTHORITY,<br><br>    Defendants. | C.A. No.: 05-10823RWZ |

**DEFENDANT, MI-JACK PRODUCTS, INC.'S ANSWER TO PLAINTIFF, PHILLIP MAROTTA'S COMPLAINT, AND DEMAND FOR TRIAL BY JURY**

Now comes the defendant, Mi-Jack Products, Inc., and hereby answers the plaintiff's complaint, paragraph by paragraph, as follows:

JURISDICTION

The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

COUNT I

NEGLIGENCE/FAILURE TO WARN VS. MI-JACK PRODUCTS, INC.

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

2. The defendant admits that it is a corporation with a principal place of business located in Illinois but is otherwise unable to admit or deny the remaining allegations of this paragraph.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

5. The defendant denies the allegations contained within this paragraph.

6. The defendant denies the allegations contained within this paragraph.

7. The defendant denies the allegations contained within this paragraph.

8. The defendant denies the allegations contained within this paragraph.

9. The defendant denies the allegations contained within this paragraph.

10. The defendant denies the allegations contained within this paragraph.

11. The defendant denies the allegations contained within this paragraph.

## COUNT II

### BREACH OF WARRANTY VS. MI-JACK PRODUCTS, INC.

12. The defendant repeats and incorporates its answers to Paragraphs 1 through 11 of Count I of the Complaint.

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

14. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

15. The defendant admits that it is a corporation with a principal place of business located in Illinois but is otherwise unable to admit or deny the allegations in this paragraph.

16. The defendant denies the allegations contained within this paragraph.

17. The defendant denies the allegations contained within this paragraph.

18. The defendant denies the allegations contained within this paragraph.

19. The defendant denies the allegations contained within this paragraph.

20. The defendant denies the allegations contained within this paragraph.

21. The defendant denies the allegations contained within this paragraph.

22. The defendant denies the allegations contained within this paragraph.

23. The defendant denies the allegations contained within this paragraph.

24. The defendant denies the allegations contained within this paragraph.

### COUNT III

### NEGLIGENCE/FAILURE TO WARN VS. FANTUZZI REGGIANE

25-36. Paragraphs 25 through 36 of Count III do not apply to said defendant so require no response it. To the extent that any allegations contained in said Count III may be construed as applying to said defendant, all such allegations are denied.

### COUNT IV

### BREACH OF WARRANTY VS. FANTUZZI REGGIANE

37-49. Paragraphs 37 through 49 of Count VI do not apply to said defendant so require no response it. To the extent that any allegations contained in said Count VI may be construed as applying to said defendant, all such allegations are denied.

## COUNT V

### NEGLIGENCE/FAILURE TO WARN VS. FANTUZZI USA, INC.

50-61. Paragraphs 50 through 61 of Count V do not apply to said defendant so require no response it. To the extent that any allegations contained in said Count V may be construed as applying to said defendant, all such allegations are denied.

## COUNT VI

### BREACH OF WARRANTY VS. FANTUZZI USA, INC.

62-74. Paragraphs 62 through 74 of Count VI do not apply to said defendant so require no response it. To the extent that any allegations contained in said Count VI may be construed as applying to said defendant, all such allegations are denied.

## COUNT VII

### NEGLIGENCE VS. MASSACHUSETTS PORT AUTHORITY

75-81. Paragraphs 75 through 81 of Count VII do not apply to said defendant so require no response it. To the extent that any allegations contained in said Count VII may be construed as applying to said defendant, all such allegations are denied.

**AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The defendant states that it provided no warranties expressed or implied.

### SECOND AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The product involved in this action was changed in substance and form after it left the control of the defendant by the plaintiff or by one for whose conduct the defendant is not responsible, and such changes were the actual causes of the plaintiff's injuries or damages.

### FOURTH AFFIRMATIVE DEFENSE

The product involved in this action was misused after it left the control of the defendant, and the misuse of the product was the actual cause of the plaintiff's injuries or damages.

### FIFTH AFFIRMATIVE DEFENSE

The defendant states that if there was any defect in the product, which the defendant expressly denies, the plaintiff may not recover on the grounds that, after discovering the product's defect and being made aware of the danger, the plaintiff nevertheless proceeded unreasonably to make use of the product and was injured thereby.

### SIXTH AFFIRMATIVE DEFENSE

The defendant states that if there was any defect in the product, which the defendant expressly denies, the plaintiff is barred from recovery because the plaintiff violated a duty to act reasonably with respect to a product the plaintiff knew to be defective and dangerous, and that conduct was a cause of the injuries and damages alleged.

### SEVENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff cannot recover for the reason that the plaintiff failed to give due notice of the injuries and damages to defendants as required by law and the defendant was prejudiced thereby.

### EIGHTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff, by his conduct and actions, has waived any and all rights he may have had against the defendant and therefore, the plaintiff cannot recover in this action.

### NINTH AFFIRMATIVE DEFENSE

The defendant states that it has no liability to the plaintiff for the reason that the warranties which the plaintiff alleges were breached were excluded by the defendants and never made to the plaintiff.

### TENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff is barred from recovery by the applicable statute of frauds.

### ELEVENTH AFFIRMATIVE DEFENSE

The defendant states that it is not a merchant as defined by G.L. c. 106, § 2 – 104(1).

### TWELFTH AFFIRMATIVE DEFENSE

The defendant states that this Court lacks personal jurisdiction over the defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery by virtue of his own negligence.

### FOURTEENTH AFFIRMATIVE DEFENSE

The defendant states that if the plaintiff sustained the injuries alleged, they occurred as a result of negligence on the part of the plaintiff which was greater in degree than any negligence of the defendants, by reason of which recovery is barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

The defendant says that if the plaintiff sustained the injuries alleged, they were not caused by the defendant or by anyone for whose conduct the defendant is legally responsible.

### SIXTEENTH AFFIRMATIVE DEFENSE

The defendant says that the complaint fails to state a claim upon which relief can be granted.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The defendant says that the complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(4) for insufficiency of process.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The defendant says that the complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(5) for insufficiency of service of process.

### NINETEENTH AFFIRMATIVE DEFENSE

The defendant says that this Court does not have jurisdiction over the defendant and therefore, the complaint should be dismissed accordingly.

### TWENTIETH AFFIRMATIVE DEFENSE

The defendant says that the complaint should be dismissed insofar as the plaintiff has failed to give notice of any claim as required by law, and the defendant was thereby prejudiced.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The defendant says that the damages assessable against the defendant must be reduced by the percentage of negligence attributable to the plaintiff all in accordance with M.G.L. c. 231, sec. 85.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The injury or damage of the plaintiff arose, if at all, as a result of misuse of the product.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The plaintiff failed to give notice of breach of warranty and the defendant has thereby been prejudiced.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

If the defendant failed to perform any of the agreements contained in any instrument relating to this matter, it was excused from the performance of such agreement.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

If the plaintiff was injured, his injuries were caused in whole or in part by his own violation of the various statutes, ordinance, and regulations governing the conduct of the parties at the time his injuries were sustained.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The defendant denies that it or its agents or servants ever made any express warranties relating to this matter.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

If any agent or servant of the defendant made any express warranty then such warranty was made without authority, express or implied.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

If the defendant made any express warranty, then the plaintiff did not rely on such warranty.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

If the defendant made any express or implied warranty, then it denies that it breached any such warranty.

### THIRTIETH AFFIRMATIVE DEFENSE

The defendant says that any danger or defective condition of the product was open and obvious to the plaintiff and therefore, there was no duty to warn of any such damage or defect.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

If the defendant was negligent or in breach of warranty, then its liability has been terminated by the intervening acts or omissions of others for whose acts or omissions it is not legally responsible.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The defendant disclaimed the implied warranties claimed by the plaintiff.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The defendant says that there was no duty to warn of any danger or defect associated with the use of the product because the plaintiff was aware of all such risks, dangers or defects.

THE DEFENDANT RESERVES THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES UPON COMPLETION OF DISCOVERY.

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS AND ISSUES.

Respectfully submitted,
The Defendant,
MI-JACK PRODUCTS, INC.
By its attorney,

_____
James P. Donohue, Jr., BBO # 555946
SLOANE AND WALSH, LLP
Three Center Plaza
Boston, MA 02108
617-523-6010

Date: May 27, 2005

## CERTIFICATE OF SERVICE

I, James P. Donohue, Jr., counsel for the defendant, Mi-Jack Products, Inc., do hereby certify that on this 27th day of May, 2005, I caused the within document(s) to be served on all parties of interest by mailing a copy of same, postage prepaid, first class mail to the following:

John P. LeGrand, Esq.
JOHN P. LEGRAND & ASSOCIATES, PC
375 Broadway
Suite 2
Somerville, MA  02145

_____
JAMES P. DONOHUE, JR.