UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05-10823RWZ

PHILLIP MAROTTA,

    Plaintiff,

v.

MI-JACK PRODUCTS, INC, FANTUZZI REGGIANE,
FANTUZZI USA, INC. AND MASSACHUSETTS
PORT AUTHORITY

    Defendants.

## DEFENDANT'S, FANTUZZI USA, INC., ANSWER TO PLAINTIFF'S COMPLAINT AND CROSS-CLAIMS

Defendant, Fantuzzi USA, Inc. ("Defendant"), hereby makes this its answer to the Plaintiff's, Philip Marotta ("Plaintiff"), Complaint, and cross-claims against the co-Defendant, Massachusetts Port Authority, as follows:

### FIRST DEFENSE

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

4.-11. The Defendant states that these paragraphs are not directed to it and, therefore, no answer is necessary; however, to the extent a response is required, the Defendant denies the allegations contained in this paragraph

WHEREFORE, Defendant demands that the Plaintiff's Complaint be dismissed and that judgment enter in favor of Defendant together with its costs, interest and reasonable attorneys' fees.

## **COUNT II**

12. Defendant repeats and incorporates herein by reference its answers to paragraphs 1 through 11 and makes them its answer to this paragraph.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

15.- 24. The Defendant states that these paragraphs are not directed to it and, therefore, no answer is necessary; however, to the extent a response is required, the Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant demands that the Plaintiff's Complaint be dismissed and that judgment enter in favor of Defendant together with its costs, interest and reasonable attorneys' fees.

## COUNT III

25. Defendant repeats and incorporates herein by reference its answers to paragraphs 1 through 24 and makes them its answer to this paragraph.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

28.-36. The Defendant states that these paragraphs are not directed to it and, therefore, no answer is necessary; however, to the extent a response is required, the Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant demands that the Plaintiff's Complaint be dismissed and that judgment enter in favor of Defendant together with its costs, interest and reasonable attorneys' fees.

## COUNT IV

37. Defendant repeats and incorporates herein by reference its answers to paragraphs 1 through 36 and makes them its answer to this paragraph.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

40.-49. The Defendant states that these paragraphs are not directed to it and, therefore, no answer is necessary; however, to the extent a response is required, the Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant demands that the Plaintiff's Complaint be dismissed and that judgment enter in favor of Defendant together with its costs, interest and reasonable attorneys' fees.

## COUNT V

50. Defendant repeats and incorporates herein by reference its answers to paragraphs 1 through 49 and makes them its answer to this paragraph.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the Plaintiff to prove the same.

52. Defendant states that this paragraph is a legal conclusion for which no answer is necessary; however, to the extent a response is required, the Defendant denies the allegations contained in this paragraph.

4

53. Defendant denies the allegations set forth in this paragraph.

54. Defendant denies the allegations set forth in this paragraph.

55. Defendant denies the allegations set forth in this paragraph.

56. Defendant denies the allegations set forth in this paragraph.

57. Defendant denies the allegations set forth in this paragraph.

58. Defendant denies the allegations set forth in this paragraph.

59. Defendant denies the allegations set forth in this paragraph.

60. Defendant denies the allegations set forth in this paragraph.

61. Defendant denies the allegations set forth in this paragraph.

WHEREFORE, Defendant demands that the Plaintiff's Complaint be dismissed and that judgment enter in favor of Defendant together with its costs, interest and reasonable attorneys' fees.

## COUNT VI

62. Defendant repeats and incorporates herein by reference its answers to paragraphs 1 through 61 and makes them its answer to this paragraph.

63. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

64. Defendant denies the allegations set forth in this paragraph.

65. Defendant states that this paragraph is a legal conclusion for which no answer is necessary; however, to the extent a response is required, the Defendant denies the allegations contained in this paragraph.

66. Defendant denies the allegations set forth in this paragraph.

67. Defendant denies the allegations set forth in this paragraph.

68. Defendant denies the allegations set forth in this paragraph.

69. Defendant denies the allegations set forth in this paragraph.

70. Defendant denies the allegations set forth in this paragraph.

71. Defendant denies the allegations set forth in this paragraph.

72. Defendant denies the allegations set forth in this paragraph.

73. Defendant denies the allegations set forth in this paragraph.

74. Defendant denies the allegations set forth in this paragraph.

WHEREFORE, Defendant demands that the Plaintiff's Complaint be dismissed and that judgment enter in favor of Defendant together with its costs, interest and reasonable attorneys' fees.

## COUNT VII

75. Defendant repeats and incorporates herein by reference its answers to paragraphs 1 through 74 and makes them its answer to this paragraph.

76. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

77.-81. The Defendant states that these paragraphs are not directed to it and, therefore, no answer is necessary; however, to the extent a response is required, the Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant demands that the Plaintiff's Complaint be dismissed and that judgment enter in favor of Defendant together with its costs, interest and reasonable attorneys' fees

## SECOND DEFENSE

### FIRST AFFIRMATIVE DEFENSE

And further answering, Defendant states that the Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the acts complained of were not committed by a person for whose conduct the Defendant is legally responsible.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the Defendant states that to the extent it had any obligations to the Plaintiff, such obligations have been fully, completely and properly performed in every respect.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff's claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that if the Plaintiff proves that the Defendant was negligent as alleged, the Plaintiff was negligent to a greater degree than the Defendant, and therefore the Plaintiff is barred from recovery under the Comparative Negligence Law of the Commonwealth of Massachusetts.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff's claims are barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff's claims are barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Plaintiff's claims are barred or reduced because their damages, if any, were caused or contributed by his own comparative fault.

### NINTH AFFIRMATIVE DEFENSE

And further answering, the Plaintiff failed to mitigate his damages and, therefore, the Plaintiff is not entitled to recovery for the damages claimed in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that it has performed and fulfilled all promises and obligations arising under all applicable warranties and therefore, the Plaintiff is barred from recovery against the Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that to the extent the Plaintiff's claims resulted from modifications and/or alterations made by other persons or entities, the claims in this action must fail against the Defendant.

## TWELTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that to the extent the Plaintiff's claims resulted from the improper use and/or misuse of products, these claims are barred against the Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that to the extent the Plaintiff's claims resulted from overloading, contrary to the recommendations of the manufacturer, these claims are barred against the Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff failed to provide proper notice as required by law and the Defendant was prejudiced thereby.

## FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff's claims for breach of warranty fail as a matter of law to the extent the Defendant properly disclaimed such warranties in accordance with the pertinent provisions of the uniform commercial code, M.G.L. c. 106, § 2-316.

## SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff's claims for breach of warranty fail as a matter of law to the extent the Defendant properly limited liability in accordance with the pertinent provisions of the uniform commercial code, M.G.L. c. 106, § 2-719.

SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff is barred from recovery against the Defendant to the extent the Plaintiff was not in privity of contract with the Defendant with regard to the subject commercial product at issue.

EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff was not a third-party beneficiary with regard to any applicable warranties, and therefore, the Plaintiff cannot recover in this action against the Defendant.

NINETEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff's claims should be dismissed for misnomer of a party.

CROSS-CLAIMS AGAINST MASSACHUSETTS PORT AUTHORITY

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, the Defendant, Fantuzzi USA, Inc. ("Defendant"), hereby makes the following cross-claims against the Co-Defendant, Massachusetts Port Authority ("MPA"), as follows:

1.     The Defendant-in-Crossclaim, Massachusetts Port Authority, is a body politic which owns, operates, equips, maintains, repairs and/or controls the equipment and facilities at the Conley Terminal in Boston, Massachusetts.

2.     The Plaintiff has alleged that the Defendant, was negligent and breached its warranty in allowing the Plaintiff to use a product allegedly manufactured, designed, sold, distributed, supplied and/or imported with a faulty design, that was improperly manufactured, and/or without proper inspection.

3.     At the time of the alleged accident, the Massachusetts Port Authority operated the Conley Terminal as a container shipping facility for the port of Boston and as such, was responsible for cleaning the subject Crane off of which the Plaintiff allegedly fell.

4.     The Defendant denies any liability to the Plaintiff and says that the alleged injury sustained by the Plaintiff, if any, was proximately caused, in whole or in part, by the alleged negligence of the co-defendant, Massachusetts Port Authority, in failing to properly maintain the equipment allegedly used by the Plaintiff.

## COUNT I
## CONTRIBUTION

5.     The Defendant repeats and incorporates herein by reference its allegations set forth in paragraphs 1 through 4 and make them their allegations in this paragraph.

6.     The Defendant denies any liability to the Plaintiff and says that, to the extent the Plaintiff was allegedly damaged, such damages were proximately caused in whole or in part by the negligence of the Massachusetts Port Authority.

7.     The Defendant states that, to the extent they are found liable to the Plaintiff, such liability being specifically denied, then the Massachusetts Port Authority is liable for contribution to the Defendant, pursuant to M.G.L. c. 231B, §1, *et seq.*

WHEREFORE, the Defendant requests a judgment against the Massachusetts Port Authority for their pro rata share of liability pursuant to G.L. c. 231B, together with their costs and interest thereon.

## COUNT II
## COMMON LAW INDEMNIFICATION

8. The Defendant hereby realleges and repeats Paragraphs 1 through 7 of their cross-claim as if set forth fully herein.

9. The Plaintiff alleges his damages were caused by the negligence of the Defendant, which the Defendant expressly denies.

10. If the Defendant is found liable for any of the Plaintiff's claims against the Defendant, such liability being specifically denied, then the Defendant is entitled to be indemnified in full by the Massachusetts Port Authority pursuant to common law indemnification, where the Defendant's liability is vicarious to the actual negligence of the Massachusetts Port Authority.

WHEREFORE, the Defendant requests that the Court enter Judgment against the Massachusetts Port Authority in the full amount of any judgment that the Defendant is ordered to pay, together with their costs, interest and reasonable attorneys' fees.

## JURY CLAIM

THE DEFENDANT HEREBY CLAIMS A TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,

The Defendant,
Fantuzzi USA, Inc.,
By their attorneys,

/s/ Kate M. Merschman
Mark B. Lavoie, BBO #553204
Christopher W. Costello, BBO# 645936
Kate M. Merschman, BBO# 652528
McDonough, Hacking & Lavoie, LLC
6 Beacon Street, Suite 815
Boston, MA 02108
(617) 367-0808


## CERTIFICATE OF SERVICE

I, Kate M. Merschman, Esq., hereby certify that on July 20, 2005, I served a copy of the foregoing Answer to the Plaintiff's Complaint, by mailing, postage prepaid, to the following: John P. LeGrand, Esq., John P. LeGrand & Associates, P.C., 375 Broadway, Suite 2, Somerville, MA 02145 and James P. Donohue, Jr., Sloane & Walsh, 3 Center Plaza, Boston, MA 02108.

/s/ Kate M. Merschman
Kate M. Merschman, Esq.