UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILLIP MAROTTA,<br><br>        Plaintiff,<br><br>v.<br><br>MI-JACK PRODUCTS, INC.,<br>FANTUZZI REGGIANE, FANTUZZI<br>USA, INC. and MASSACHUSETTS<br>PORT AUTHORITY,<br><br>        Defendants. | CIVIL ACTION NO. 05-10823-RWZ |

### MASSACHUSETTS PORT AUTHORITY'S ANSWER
### TO DEFENDANT FANTUZZI USA, INC.'S CROSS-CLAIMS AND
### COUNTERCLAIM AGAINST DEFENDANT FANTUZZI USA, INC.

Defendant Massachusetts Port Authority ("Massport") hereby replies to co-Defendant Fantuzzi USA, Inc.'s ("Fantuzzi") Cross-Claims as follows:

### FIRST DEFENSE

Each count brought against Massport contained in Fantuzzi's Cross-Claims fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Massport responds to the allegations contained in Fantuzzi's Cross-Claims, paragraph by paragraph, as follows:

1.     Massport admits that it is a body corporate and politic that was established by Chapter 465 of the Acts of 1956 to exercise the powers duly authorized by statute and that Massport's principal office is located at 1 Harborside Drive, East Boston, Massachusetts 02128.

00079878.DOC /

Unless otherwise specifically admitted herein, Massport denies the allegations contained in Paragraph 1.

2. Fantuzzi seeks to characterize the allegations contained in the Plaintiff's Complaint, a written document which speaks for itself. Consequently, Massport is not required to respond to the allegations contained in Paragraph 2.

3. Admitted that at the time of the alleged accident, Massport owned Conley Terminal. Unless otherwise specifically admitted herein, Massport denies the allegations contained in Paragraph 3.

4. Admitted that Fantuzzi denies any liability to the Plaintiff. Unless otherwise specifically admitted herein, Massport denies the allegations contained in Paragraph 4.

## Count I
### (Contribution)

5. The responses to Paragraphs 1 through 4 are restated and incorporated herein by reference.

6. Admitted that Fantuzzi denies any liability to the Plaintiff. Unless otherwise specifically admitted herein, Massport denies the allegations contained in Paragraph 6.

7. Denied.

## Count II
### (Common Law Indemnification)

8. The responses to Paragraphs 1 through 7 are restated and incorporated herein by reference.

9. Admitted that the Plaintiff alleges that his damages were caused by the negligence of Fantuzzi. Admitted that Fantuzzi denies such allegations. Unless otherwise specifically admitted herein, Massport denies the allegations contained in Paragraph 9.

10. Denied.

### THIRD DEFENSE

Massport is not responsible for the Plaintiff's injuries.

### FOURTH DEFENSE

The Plaintiff's injuries were caused in whole or in part by Fantuzzi's negligence. Accordingly, the damages, if any, the Plaintiff recovers from Massport should be reduced in proportion to Fantuzzi's negligence in accordance with G.L. c. 231, § 85.

### FIFTH DEFENSE

The rights and obligations of the parties are controlled by a written document, the contents of which speak for itself.

### SIXTH DEFENSE

If Fantuzzi sustained damages as alleged in its Cross-Claims, they were caused by the acts of a third person, which acts Massport had no reason to anticipate and of which person Massport had no knowledge, and over whom it had no control.

### SEVENTH DEFENSE

Fantuzzi's claims are barred by the doctrine of unclean hands.

### EIGHTH DEFENSE

Fantuzzi's claims are barred by the doctrine of laches.

### NINTH DEFENSE

Fantuzzi is estopped from asserting claims against Massport.

### TENTH DEFENSE

Fantuzzi's claims have been waived by its acts and conduct.

00079878.DOC /

### ELEVENTH DEFENSE

Fantuzzi has failed to mitigate its damages.

### TWELFTH DEFENSE

Fantuzzi's claims are barred by the doctrine of accord and satisfaction.

### THIRTEENTH DEFENSE

Massport reserves the right to add such other and further defenses as become apparent in the course of discovery.

### MASSACHUSETTS PORT AUTHORITY'S COUNTERCLAIM AGAINST FANTUZZI USA, INC.

#### Parties

1. The Massachusetts Port Authority ("Massport") is a body corporate and politic that was established by Chapter 465 of the Acts of 1956 to exercise the powers duly authorized by statute. Massport's principal office is located at 1 Harborside Drive, East Boston, Massachusetts 02128.

2. Upon information and belief, Fantuzzi. USA Inc. ("Fantuzzi") is a corporation which regularly conducts business in Massachusetts.

3. Plaintiff Phillip Marotta (the "Plaintiff") has brought an action against Massport and Fantuzzi for negligence (the "Complaint") arising out of injuries allegedly sustained at Conley Terminal, South Boston, Massachusetts.

#### Count One
#### (Contribution)

4. Massport repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 3 of its Counterclaim as if fully set forth herein.

5. Massport expressly denies liability for the allegations set forth in the Complaint, but states that if liability is found against them, then the damages alleged in the Complaint were

- 4 -

due solely to the negligence, carelessness, recklessness, misrepresentations and/or willful misconduct of Fantuzzi, which were the sole, proximate or contributing cause of the Plaintiff's claimed damages.

6. Accordingly, if it is determined that the Plaintiff is entitled to recover against Massport on the causes of action set forth in the Complaint, liability on the part of Massport being expressly denied, then Fantuzzi is liable for contribution to Massport as a result of Fantuzzi's negligence, carelessness, recklessness, misrepresentations and/or willful misconduct.

**Count Two**
**(Indemnification)**

7. Massport repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 6 of its Counterclaim as if fully set forth herein.

8. Should Massport be found liable to the Plaintiff, which Massport denies, such liability is derivative of, and solely due to the conduct of Fantuzzi.

9. Massport is entitled to indemnification from Fantuzzi.

10. Fantuzzi has failed to defend and indemnify Massport.

11. Accordingly, if it is determined that the Plaintiff is entitled to recover against Massport on the causes of action set forth in the Complaint, liability on the part of Massport being expressly denied, then Fantuzzi is liable to Massport for indemnification.

## Prayers for Relief

WHEREFORE, Defendant Massachusetts Port Authority prays that the Court:

A. Dismiss Fantuzzi's Cross-Claims;

B. Enter judgment in Massport's favor on Massport's Counterclaim against Fantuzzi;

C. Award Massport its reasonable attorney's fees and costs to the extent allowed by law; and

D. Award Massport such other and further relief as the Court may deem just and proper.

**MASSPORT DEMANDS A TRIAL BY JURY AS TO ALL ISSUES**

September 8, 2005

MASSACHUSETTS PORT AUTHORITY,

By its attorneys,

Christopher A. Kenney, BBO #556511
Anthony L. DeProspo, Jr., BBO #644668
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000