UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| PHILLIP MAROTTA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 05-10823RWZ |
| v. | ) | |
| | ) | |
| MI-JACK PRODUCTS, INC, FANTUZZI REGGIANE, | ) | |
| FANTUZZI USA, INC. AND MASSACHUSETTS | ) | |
| PORT AUTHORITY | ) | |
| | ) | |
| Defendants. | ) | |

_____)

### DEFENDANT'S, FANTUZZI USA, INC., ANSWER TO CO-DEFENDANT'S, MASSACHUSETTS PORT AUTHORITY, COUNTERCLAIMS

Defendant, Fantuzzi USA, Inc. ("Defendant"), hereby makes this its answer to the Co-Defendant's, Massachusetts Port Authority ("Massport"), counterclaims, as follows:

### FIRST DEFENSE

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Massport to prove the same.

2.    Defendant states that this paragraph is a legal conclusion for which no answer is necessary; however, to the extent a response is required, the Defendant denies the allegations contained in this paragraph.

3.      Defendant states that the Plaintiff's Complaint speaks for itself and otherwise denies the allegations set forth in this paragraph.

## COUNT I

4.      Defendant repeats and incorporates herein by reference its answers to paragraphs 1 through 3 and makes them its answer to this paragraph.

5.      Defendant denies the allegations set forth in this paragraph.

6.      Defendant denies the allegations set forth in this paragraph.

WHEREFORE, Defendant demands that the Co-Defendant's Counterclaim be dismissed and that judgment enter in favor of Defendant together with its costs, interest and reasonable attorneys' fees.

## COUNT II

7.      Defendant repeats and incorporates herein by reference its answers to paragraphs 1 through 6 and makes them its answer to this paragraph.

8.      Defendant denies the allegations contained in this paragraph.

9.      Defendant denies the allegations contained in this paragraph.

10.     Defendant denies that it owes any obligation to defend and/or indemnify Massport and otherwise denies the allegations contained in this paragraph.

11.     Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant demands that the Co-Defendant's Counterclaim be dismissed and that judgment enter in favor of Defendant together with its costs, interest and reasonable attorneys' fees.

2

## SECOND DEFENSE

### FIRST AFFIRMATIVE DEFENSE

And further answering, Defendant states that the Counterclaims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the acts complained of were not committed by a person for whose conduct the Defendant is legally responsible.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the Defendant states that to the extent it had any obligations to the Plaintiff and/or Massport, such obligations have been fully, completely and properly performed in every respect.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that Massport's counterclaims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that if the Plaintiff proves that the Defendant was negligent as alleged, the Plaintiff was negligent to a greater degree than the Defendant, and therefore the Plaintiff is barred from recovery under the Comparative Negligence Law of the Commonwealth of Massachusetts and Massport's counterclaims likewise fail.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that Massport's Counterclaims are barred by the doctrine of waiver.

3

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

And further answering, the Defendant states that Massport's Counterclaims are barred by the doctrine of estoppel.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

And further answering, the Defendant states that Massport is barred from recovery against the Defendant pursuant to the Learned Intermediary Doctrine.

<u>NINTH AFFIRMATIVE DEFENSE</u>

And further answering, the Defendant states that Massport is barred from recovery against the Defendant to the extent Massport failed to adequately communicate, instruct and/or warn the Plaintiff of the nature and extent of the dangers associated with the use or the foreseeable misuse of Massport's equipment on Massport's property.

<u>TENTH AFFIRMATIVE DEFENSE</u>

And further answering, the Defendant states that it has performed and fulfilled all promises and obligations arising under all applicable warranties and therefore, Massport is barred from recovery against the Defendant.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

And further answering, the Defendant states that Massport's counterclaims should be dismissed to the extent the Plaintiff's claims resulted from improper modifications and/or alterations made by Massport.

4

## TWELTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that to the extent the Plaintiff's claims resulted from the improper use and/or misuse of products by the Plaintiff and/or Massport, their claims are barred against the Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that to the extent the Plaintiff's claims resulted from Massport's failure to properly service and maintain the equipment, contrary to the recommendations of the manufacturer, these counterclaims are barred against the Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that Massport failed to provide proper notice as required by law and by contract and the Defendant was prejudiced thereby.

## FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that Massport's counterclaims fail as a matter of law to the extent the Defendant properly disclaimed any alleged warranties in accordance with the pertinent provisions of the uniform commercial code, M.G.L. c. 106, § 2-316.

## SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that Massport's counterclaims fail as a matter of law to the extent the Defendant properly limited its liability in accordance with the pertinent provisions of the uniform commercial code, M.G.L. c. 106, § 2-719.

SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that Massport is barred from recovery against the Defendant to the extent Massport was not in privity of contract with the Defendant with regard to the subject commercial/industrial product at issue.

EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that discovery is ongoing and the Defendant reserves the right to raise additional affirmative defenses pursuant to Federal Rule of Civil Procedure Rule 8(c).

**JURY CLAIM**

THE DEFENDANT HEREBY CLAIMS A TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,

The Defendant,
Fantuzzi USA, Inc.,
By their attorneys,

/s/ Christopher W. Costello
Mark B. Lavoie, BBO #553204
Christopher W. Costello, BBO# 645936
Kate M. Merschman, BBO# 652528
McDonough, Hacking & Lavoie, LLC
6 Beacon Street, Suite 815
Boston, MA 02108
(617) 367-0808

6

## CERTIFICATE OF SERVICE

I, Christopher W. Costello, Esq., hereby certify that on September 13, 2005, I served a copy of the foregoing Answer to the Defendant's, Massachusetts Port Authority, Counterclaims by mailing, postage prepaid, to the following:   Christopher A. Kenney, Esq., Anthony L. DeProspo, Sherin & Lodgen, LLP, 101 Federal Street, Boston, MA 02110; John P. LeGrand, Esq., John P. LeGrand & Associates, P.C., 375 Broadway, Suite 2, Somerville, MA 02145 and James P. Donohue, Jr., Sloane & Walsh, 3 Center Plaza, Boston, MA 02108.

/s/ Christopher W. Costello
Christopher W. Costello, Esq.

7